IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE CHARLES HOGAN, JR.,<br><br>Defendant. | CR 19-146-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Leslie Charles Hogan, Jr.'s motion in limine. (Doc. 19). Hogan seeks to exclude the government from introducing in either its case in chief or for impeachment purposes his 2008 misdemeanor partner/family member assault conviction, his 2013 misdemeanor partner/family member assault conviction, and his 2015 felony partner/family member assault conviction. (Doc. 20). Count One of the Indictment charges Hogan with assault of a dating partner by strangulation and Count Two charges Hogan with domestic assault by a habitual offender. (Doc. 1).

The government responds it will not introduce the misdemeanor convictions in either its case in chief or for impeachment, other than via stipulation to satisfy the

1

predicate elements of Count Two. The government states it may attempt to impeach Hogan, should he testify, with the 2015 felony conviction. The government asks the Court to reserve ruling on whether the 2015 felony conviction may be used for impeachment purposes until Hogan testifies.

The Court agrees with the government. Under Federal Rule of Evidence 609(a)(1)(B), a felony conviction less than ten years old must be admitted to impeach a defendant who testifies if the probative value of the evidence outweighs its prejudicial effect. To make the Rule 609 determination, the Court considers five factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

Here, the Court cannot reasonably balance factors one, four, and five without knowing what the defendant's testimony is. Sometimes the nature of a prior conviction makes the Rule 609 decision straightforward without knowing a defendant's precise testimony, but the similarity of the past crime and the charged offenses here means the other factors are critical to balance the probative value against the potential for prejudice. The Court therefore denies Hogan's motion with leave to renew after he testifies, should he choose to do so.

DATED this ___10th___ day of March, 2020.

                                                SUSAN P. WATTERS
                                                UNITED STATES DISTRICT JUDGE